**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | No. 20-03011-01/03-CR-S-BP |
| **RANDALL D. HALLEY**, et al., | |
| Defendant. | |

**MOTION TO TRANSFER AND NOTICE OF
RELATED CASES PURSUANT TO LOCAL RULE 83.9**

The United States hereby notifies the Court that the above matter is a related case to two previously filed criminal cases in the Western District of Missouri currently assigned to the Honorable Brian C. Wimes, and pursuant to Local Rule 83.9, requests that the above case be transferred to Judge Wimes. Each of the defendants – Randall D. Halley, Nga (Lily) A. Nguyen, and Kimberly G. Hoffer – do not object to such transfer. The United States offers the following suggestions in support.

### I. BACKGROUND

On June 13, 2019, defendant Susan Gail Morris pleaded guilty in a separate criminal case in the Western District of Missouri, number 19-03085-01-CR-S-BCW, to the sole count of an Information alleging that, on September 1, 2017, she, "aiding and abetting others, knowingly and intentionally used a registration number that was issued to another person, Individual-1, in the course of distributing or dispensing a Schedule II controlled

substance," in violation of 21 U.S.C. § 843(a)(2) and 18 U.S.C. § 2. (Morris Doc. 3.)[1] The case was assigned to the Honorable Brian C. Wimes. The agreed-upon factual basis contained in the plea agreement stated that, from March 2011 through September 2017, defendant Morris was employed at the Ozarks Community Hospital – Christian County Clinic, located at 105 South Ridgecrest Avenue in Nixa, Missouri, and her collaborating physician was Individual-1. (Morris Doc. 12.) The factual basis further detailed that Individual-1 had a registration number, ending in 4476, with the United States Drug Enforcement Administration ("DEA"). (Morris Doc. 12.) Defendant Morris is awaiting the scheduling of a sentencing hearing with Judge Wimes.

On October 2, 2019, defendant Amber N. Moeschler pleaded guilty in a separate criminal case in the Western District of Missouri, number 19-03136-01-CR-S-BCW, to the sole count of an Information alleging that, on May 23, 2017, she, "aiding and abetting others, knowingly and intentionally used a registration number that was issued to another person, Individual-1, in the course of distributing or dispensing a Schedule II controlled substance," in violation of 21 U.S.C. § 843(a)(2) and 18 U.S.C. § 2. (Moeschler Doc. 4.)[2] Defendant Moeschler's case was originally assigned to the Honorable M. Douglas Harpool; however, it was transferred to Judge Wimes at the request of the United States

---

[1] "Morris Doc." refers to documents filed in *United States v. Susan Gail Morris*, case number 19-03085-01-CR-S-BCW.

[2] "Moeschler Doc." refers to documents filed in *United States v. Amber N. Moeschler*, case number 19-03136-01-CR-S-BCW.

2

and without objection from Moeschler.  (Moeschler Doc. 17 & 18.)  The factual basis agreed to in the plea agreement stated that, from February 2015 through March 2019, the defendant was employed at the Ozarks Community Hospital – Christian County Clinic, located at 105 South Ridgecrest Avenue in Nixa, Missouri, and her immediate supervising physician was Individual-1.  (Moeschler Doc. 13.)  The factual basis further detailed that Individual-1 had a registration number, ending in 4476, with the DEA. (Moeschler Doc. 13.)  Defendant Moeschler is awaiting the scheduling of a sentencing hearing with Judge Wimes.

On January 23, 2020, a grand jury seated in Springfield, Missouri, returned an indictment in the instant case against defendants Randall D. Halley, Nga (Lily) A. Nguyen, and Kimberly G. Hoffer, charging them with numerous criminal counts.  (Doc. 1.)  The resulting criminal case was assigned to Chief Judge Beth Phillips.

The Indictment contains allegations in Counts 26 through 29 that directly relate to the conduct that defendants Morris and Moeschler pleaded guilty to in their respective cases.  (Doc. 1.)  Specifically, Count 27 charges defendant Halley with knowingly and intentionally aiding, abetting, and causing "Amber N. Moeschler to use a registration number that was issued to Halley in the course of distributing or dispensing a Schedule II controlled substance" on or about May 23, 2017, in violation of 21 U.S.C. § 843(a)(2) and 18 U.S.C. § 2.  (Doc. 1.)  The Indictment further specifies that defendant Halley had a DEA

3

registration number ending in 4476, and that he employed defendants Morris, Moeschler, Nguyen, and Hoffer during the time period in question. (Doc.1, p. 3-4.)

Count 28 charges defendant Halley with knowingly and intentionally aiding, abetting, and causing "Susan Gail Morris to use a registration number that was issued to Halley in the course of distributing or dispensing a Schedule II controlled substance" on or about September 1, 2017, in violation of 21 U.S.C. § 843(a)(2) and 18 U.S.C. § 2. (Doc. 1.)

## II. SUGGESTIONS IN SUPPORT OF MOTION TO TRANSFER

United States District Court for the Western District of Missouri Local Rule 83.9(c) concerns the transfer of cases between judges. According to the Rule, related cases should be heard by the same judge and, when the case is related to another case filed in the District, "the later-filed case must be transferred to the judge with the earlier-filed case, regardless of whether the earliest filed case is pending."

The instant criminal matter now assigned to Chief Judge Phillips is related to the criminal matters concerning defendants Susan Gail Morris and Amber N. Moeschler previously filed and assigned to Judge Wimes. These criminal matters arise out of the same working environment and similar facts. Thus, should there be a trial involving any of these defendants or should there be contested issues at sentencing requiring evidence, the matters would likely have overlap regarding witnesses and facts. Judicial economy supports having the same judge preside over all of these related criminal matters.

Under Local Rule 83.9(c), where there is a determination that the cases are closely related, "the later-filed case must be transferred to the judge with the earlier-filed case, regardless of whether the earliest filed case is pending." Since the criminal matter related to defendant Morris was filed first and assigned to Judge Wimes, and defendant Moeschler's later case was transferred to Judge Wimes, under Local Rule 83.9(c), the criminal matter related to the defendants Randall D. Halley, Nga (Lily) A. Nguyen, and Kimberly G. Hoffer should also be transferred to Judge Wimes. The attorney for the United States has been in communication with each of the defendants' attorneys, whom advised that their respective client does not object to the transfer of the case.

### III. CONCLUSION

For the reasons expressed above, pursuant to Local Rule 83.9(c), the United States respectfully requests that the case, *United States v. Randall D. Halley, et al.*, 20-03011-01/03-CR-S-BP, be transferred to Judge Wimes.

                                          Respectfully submitted

                                          TIMOTHY A. GARRISON
                                          United States Attorney
                                          Western District of Missouri

                              By    */s/ Casey Clark*
                                          Casey Clark
                                          Assistant United States Attorney
                                          901 St. Louis Street, Suite 500
                                          Springfield, Missouri 65806-2511

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and I hereby certify that I have mailed by United States Postal Service the foregoing documents to all non-CM/ECF participants in this case.

*/s/ Casey Clark*
Casey Clark
Assistant United States Attorney